# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Joseph Simmons

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Nancy Giannetta et al. Defendants

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No.

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

# Jurisdiction

1.) United States District Court
Eastern District of Pennsylvania
city of Philadelphia

2.) The plaintiff, Joseph Simmons was incarcerated at Curran Fromhold Correctional Facility (CFCF) during the events described in this complaint.

3.) Defendant Correctional officer (C/O) Ventus is an employee of 'CFCF' whose full name is presently unknown to the plaintiff. He is sued in his individual capacity.

4.) Defendant C/O Peters is an employee of 'CFCF' whose full name is presently unknow to the plaintiff. He is sued in his individual capacity.

5.) Defendant C/O Collier is an employee of CFCF whose full name is presently unknown to the plaintiff. She is sued in her individual capacity.

6.) Defendant C/O Willson is an employee of CFCF whose full name is presently unknown to the plaintiff. He is sued in his individual capacity.

7.) Defendant C/O Jane Doe is an employee of CFCF whose full name is presently unknown to plaintiff. She is sued in her individual capacity.

8.) Defendant Lieutenant McHolland is an employee at CFCF whose full name is presently unknown to plaintiff. He is sued in his individual capacity.

9.) Defendant John Doe is an employee at CFCF as a Disciplinary Hearings officer, whose name is presently unknown to plaintiff. He is sued in his individual capacity.

10.) Defendant Sergant Miles is an employee at CFCF whose full name is presently unknown to plaintiff. He is sued in his individual capacity.

11.) Defendant Blanche Chaney is employeed at CFCF as Commissioner. She is sued in her individual and official capacityes.

12.) Defendant Nancy Giannetta is Warden at CFCF. She is sued in her individual and official capacities.

13.) All the defendants have acted, and continue to act, under color of state law at all times relevent to this complaint.

"Facts"

14.) On October 1 2020 at approximatlly 5:00pm, defendant C/O Collier pepper sprayed plaintiff in the face, for allegedly disobeying a direct order to line up for the evening meal.

15.) Defendants C/O Ventus and C/O Peters arrived within seconds, and moved plaintiff to the sally port of the pod.

"Misuse of Force"

16.) Defendants C/O Ventus and C/O Peters handcuffed plaintiff, and once handcuffed, pepper sprayed him in the face.

17.) Defendants C/O Ventus and C/O Peter then proceeded to escort plaintiff to the B-side elevator. During this escort defendants C/O Ventus and C/O Peters threw plaintiff against the walls multiple times.

18.) Once in side B-side elevator Defendant Sgt. Miles arrived and helped defendant C/O Peters and C/O Ventus throw plaintiff face first into the far corner of the elevator.

19.) At this time Plaintiff was telling defendants he "could not breath," And in an attempt to turn his head out of the corner of the wall, Plaintiff was struck in the face by defendant C/O Ventus with a blunt hard object, causing a gash to open above plaintiffs Right eye and bleed profusley

20.) This wound caused the plaintiff to need immediate medical treatment and has caused plaintiff severe migraine's since the incident.

21.) After treatment at medical, Plaintiff was placed in punitive segregation.

"Denial of Due Process"

22.) Plaintiff recieved two misconduct write-ups. One for disobeying a direct order from defendant C/O Collier. the other for bio-hazard, and verbal threats from Sgt miles and other defendant C/O Ventus.

23.) Because of the use of force and the Retalitory misconduct write ups, Plaintiff immediatly upon arriving in Segregation Requested "access to courts" to file a claim of action.

24.) These Request and Grievences where ignored by the Administration.

25.) Plaintiff was given a disciplinary hearing for the two misconduct write ups on 10-10-20, and was found guilty (by Defendant John Doe) who is the Disciplinary Hearings officer, for the misconduct of disobeying a direct order plaintiff was sentenced to 10 days punitive segregation.

26.) These hearings were conducted without plaintiff being allowed to present evidence or witnesses for his defense.

27.) The misconduct for Bio-hazard and verbal assault was continued for furthur investigation.

28.) Disciplinary hearings officer (Defendant John Doe) wanted to Review the video camera from the elevator.

29.) During this time Plaintiff Requested as to the Status of this investigation and also access to a law library and lawyer call, through 'Grievences' and 'Request slips' to staff, To no avail.

30.) Defendant Jane Doe, who is the 'Grievence Screening officer' has Recieved all of Plaintiffs Grievences and his Inmate Disciplinary Appeal yet there is no Records of Defendant filing these Grievences for plaintiff.

31.) Defendant John Doe, Disciplinary Hearings officer finally conducted Plaintiffs Disciplinary Hearing after multiple continuances, on 10-21-20

32.) Defendant John Doe found Plaintiff guilty of Bio-Hazard and verbal assault and sentenced Plaintiff to 60 days punitive segregation followed by Administrative Segregation.

33.) This is Retalitory and excessive. Also this punishment does not measure up to the crime.

34.) Plaintiff promptly filled a Inmate Disciplinary Appeal.

35.) This Appeal was never answered by the Warden, Defendant Nancy Giannetta.

36.) During the time Plaintiff was in punitive seg. he filed multiple Request to access to the courts, to no avail.

37.) Around October 26, 2020 Plaintiff's attorney notified Plaintiff of newly disclosed evidence and a new plea offer in his criminal court proceedings.

38.) Following this information Plaintiff Rejuvinated his plea's for access to the law library to pursue a Remedy in his criminal court proceedings. To no avail.

39.) Plaintiff wrote directly to the Office of the Warden, Nancey Giannetta and Office of the Commissioner Blanche Chaney.

40.) Defendant, Blanche Chaney Commissioner of CFCF Responded on January 21 2021, and again on Febuary 24, 2021, via Inmate Grievence Response.

41.) Defendant Blanch Chaney Commissioner of CFCF Promised to investigate this issue and has not done so to date.

42.) Plaintiff was forced to go to Trial on March 5, 2021 without having access to the courts for 6 months consecutively prior to that date.

43.) This Resulted in the Plaintiff being found guilty of his criminal court charges and being denied the Right to cause of action in any civil Rights violations.

"Protection From Inmate Assault"

44.) On Febuary 22, 2021, on A-1-4 pod of CFCF, Plaintiff pressed the call button in his cell. Defendant Correctional officer Willson arrived and was advised by Plaintiff that he feared for his life and he felt in danger of Physical assault. approximatly 10:00pm

45.) Defendant C/O Willson, went back to his desk and allegedly told his supervisor of the situation and logged it in the log book.

46) Plaintiff was physicaly and Sexually assaulted through out the night and no officer or Supervisor came.

47) Plaintiff was finally able to get treatment for his injuries two days later and was sent to a outside facility for a sprained Right hand, Swollen and possibly Ruptured testicles, human bite to Right cheek and a chip on front tooth.

"Food Deprivation."

48.) On 5-7-2021 Plaintiff was housed on A-1-4 pod 8cell of CFCF.

.) Defendant Blanche Chaney, Commissioner of CFCF, came around with other officers to feed the Ramadan meal.

49) One cell, before officers got to feed 8cell Refused to close their tray slot, this caused defendant Blanch Chaney to deny the rest of the pod food.

50) This went on for 3 day, until 5-10-2021

51) On monday Plaintiff advised officers and staff that he was Suicidial because he wasn't being feed.

52.) Plaintiff was sent to suicide watch for 3 days and forced to sleep naked in a cold cell.

"Exhaustion of Administrative Remedies."

53.) The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

"Claims For Relief"

54.) The actions of defendants, Ventus, Peters, Collier, Miles, and McHolland in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

55.) The failure of Defendant John Doe to Make an adequate disciplinary decision with no evidence to support the charge. and Refusing to call plaintiffs witnesses, finding him guilty denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution.

56.) Failure of defendant Wilson to take action and show deliberate indifference in the excessive risk to plaintiffs health and safety violated Eighth Amendment of the United States Constitution.

57.) Failure to process and appropriatly screen inmate Grievences Defendant Jane Doe was deliberatly negligent violating the plaintiffs due process of law in violation of the Fourteenth Amendment of the United States Constitution.

58.) Defendant Giannetta and Chaney's actions and inaction in handling plaintiffs Request and Grievences for court access as well as denial of due process in the Inmate dicisiplinary Appeal process, denied the plaintiff his Fourteenth Amendment Right to due process of Law as in the United States Constitution.

"Relief Requested"

Wherefore, plaintiff request that the court grant the following Relief:

A: Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by defendants Ventus, Peters, Miles, Collier, and McHolland violated the plaintiffs rights under the Eighth Amendment to the United States Constitution. and constituted an assault and battery under state law.
2. Defendants Giannetta and Chaney's inaction to grant plaintiff his Right to access to courts and due process in Grievence and Disciplinary Appeal process violated the plaintiffs Rights under the Fourteenth Amendment of the United States Constitution.
3. Defendant Jane Does failure to process plaintiffs Grievences constituted a Foutheenth Amendment violation of the United States Constitution.
4. Defendant John Does failure to give Plaintiff a adequate a just sentence and disciplinary hearing violated plaintiffs Fourteenth Amendment Rights of the United States Constitution.

B: Issue an injunction ordering defendants Giannetta and Chaney to:

1. Immediately arrange for plaintiff to recieve 'access to courts'.
2. Immediately respond and take action to plaintiffs Grievences.

3. Carry out without delay releasing plaintiff from punitive/Administration Segregation.

C. Issue an injuction ordering defendant John Doe to:

1. Release plantive from segregation and expunge his disciplinary Record.

2. Restore all Rights and privilege.

D. Award compensatory damages in the following amounts:

1. $100,000 jointly and severally against defendants Ventus, Peters, Miles, Collier and McHolland for the physical and emotional injuries sustained as a result of the plaintiffs beating.

2. $100,000 jointly and severally against defendants Jane Doe and John doe for the punishment, including a deprivation of liberty and amenity, and emotional injury resulting from their denial of due process in connection with the plaintiffs disciplinary proceeding and following appeal and Grievences.

3. $100,000 jointly and severally against defendant Wilson, and unknown at present Supervisors, for deplvation of liberty, and their failure to act reasonably and Responde to excessive Risk to inmate health and Safety in denial of Protection from inmate assault.

E. Award punitive damages in the following amounts

1. $50,000 each against defendants Ventus, Peters, Miles, Collier, and McHolland.

2. $ 50,000 each against defendants Jane Doe and John Doe.

3. $ 50,000 each against defendants Giannetta and Chaney.

4. $ 50,000 each against defendants Willson and and unknown supervisors.

F. Grant such other relief as it may appear that plaintiff is entitled.

October 20 2021

Respectfully Submitted, Joseph Simmons

Plaintiff.

# REQUEST TO STAFF

**All inmates fill in this section and deposit in Social Service box**

| NAME (last) Simmons (first) Joseph | DATE 10-20-20 | |
|---|---|---|
| NUMBER (PID #) 1205422 | LIVING QUARTERS A-1-2 26 | |
| WORK ASSIGNMENT (if any) AND HOURS | ADMISSION DATE | do not write in this space |

**Check the help or information you need:**

- ☐ What is my next court date(s)?
- ☐ I want to apply for (circle one):

  a job a program school

- ☐ I want to meet with my Social Worker to talk about __________
- ☐ I want to see the Notary
- ☐ **EMERGENCY** (check this box and circle one choice below only if the matter is a genuine emergency)
  - a matter of life or death, or serious bodily injury to any person
  - serious disruption in the facility
  - serious health hazard to any person
  - immediate action needed re: custody or welfare of my children
  - I have been cleared legally for discharge. (No more cases are holding me.)
- ☑ Other matters, or more detail on above Access to Law Library or Lawyer Call Before my Trial Date 10-26-20 During Buisness hours

____________________
**Signature of Inmate**

(do not write below this line)

**Date request answered:** by interview on housing area correspondence other

**Answer to request of:**

| NAME | |
|---|---|
| NUMBER (PID #) | |
| HOUSING AREA | |
| | |
| | |

Assault

Attachment 3.F.10.a

# PHILADELPHIA DEPARTMENT OF PRISONS
## INMATE GRIEVANCE FORM

☐ ASD ☑ CFCF ☐ DC ☐ HOC ☐ PICC ☐ RCF

NAME: [illegible]

PID: [illegible]05122

Check box only if grievance is regarding Medical Services ☐

**Description of Grievance, Incident or Problem (Include date and time of incident)**

I am Being Denied my Constitutional [illegible] [illegible] my [illegible] I have been in [illegible] 46 D [illegible] have constantly requested access to the law library [illegible] [illegible] This is a major violation.

**Action Requested by Inmate:**

Access to [illegible] a lawsuit against this administration

See: Continuation of Grievance – Page 2 YES☐ NO☐

Describe how and when you tried to resolve this Grievance informally.

Reported to staff [illegible]

Date that you are depositing this Grievance in a grievance box: 11-11-20

Signature of Grievant: [signature] Date: 11-11-20

Attachment 3.F.10.a

**PHILADELPHIA DEPARTMENT OF PRISONS**
**INMATE GRIEVANCE FORM**

☐ ASD ☒ CFCF ☐ DC ☐ HOC ☐ PICC ☐ RCF

**NAME:** [illegible]

**PID:** [illegible]

**Check box only if grievance is regarding Medical Services** ☐

**Description of Grievance, Incident or Problem**
**(Include date and time of incident)**

[illegible handwriting] ... staff.

Date of incident 10-1-2020 [illegible]

[illegible handwriting]

**Action Requested by Inmate:**

[illegible handwriting]

**See: Continuation of Grievance – Page 2 YES☐ NO☐**

**Describe how and when you tried to resolve this Grievance informally.**

[illegible] to staff [illegible]

**Date that you are depositing this Grievance in a grievance box:** 10-4-2020

**Signature of Grievant:** [signature] **Date:** 10-1-2020

Law Library

Attachment 3.F.10.a

**PHILADELPHIA DEPARTMENT OF PRISONS**
**INMATE GRIEVANCE FORM**

☐ ASD ☑ CFCF ☐ DC ☐ HOC ☐ PICC ☐ RCF

NAME: Joseph Simmons

PID: 1205412

Check box only if grievance is regarding Medical Services ☐

**Description of Grievance, Incident or Problem**
**(Include date and time of incident)**

I was assaulted by staff on Oct 1 2020 @ 5:30pm on B2 elevator while in handcuffs then was pepper sprayed multiple times. This assault resulted in a gash/scar on right elbow. I have been confined to A-2 Pod cell since with no access to law Library to report this incident to my Attorney Despite numerous request to do so.

**Action Requested by Inmate:**

legal Reconsideration

See: Continuation of Grievance – Page 2 YES☐ NO☐

Describe how and when you tried to resolve this Grievance informally.

Request to staff, Social worker

Date that you are depositing this Grievance in a grievance box: 11-11-20

Signature of Grievant: [signature] Date: 11-11-20

86-570 (Rev. 6/16) 1. Deputy Warden for Administration 2. Warden 3. Inmate's Receipt of Filing

B

# REQUEST TO STAFF

**All inmates fill in this section and deposit in Social Service box**

| NAME (last) (first) | DATE 5-2-21 | |
|---|---|---|
| NUMBER (PID #) | LIVING QUARTERS | |
| WORK ASSIGNMENT (if any) AND HOURS | ADMISSION DATE | do not write in this space |

**Check the help or information you need:**

- ☐ What is my next court date(s)?
- ☐ I want to apply for (circle one):

  a job a program school

- ☐ I want to meet with my Social Worker to talk about ____________________
- ☐ I want to see the Notary
- ☐ EMERGENCY (check this box and circle one choice below only if the matter is a genuine emergency)
  - a matter of life or death, or serious bodily injury to any person
  - serious disruption in the facility
  - serious health hazard to any person
  - immediate action needed re: custody or welfare of my children
  - I have been cleared legally for discharge. (No more cases are holding me.)
- ☐ Other matters, or more detail on above ____________________

REQUEST FOR LAW LIBRARY

______________________________

Signature of Inmate

(do not write below this line)

**Date request answered:** by interview on housing area correspondence other

**Answer to request of:**

| NAME | |
|---|---|
| NUMBER (PID #) | |
| HOUSING AREA | |

______________________________

Signature of Social Worker

86-7(Revised 5/99) 1-file 2-tracking copy 3-extra

B

# REQUEST TO STAFF

All inmates fill in this section and deposit in Social Service box

| NAME (last) Simmons (first) Joseph | DATE 12-29-20 |
|---|---|
| NUMBER (PID #) 1205422 | LIVING QUARTERS A-1-4 |
| WORK ASSIGNMENT (if any) AND HOURS | ADMISSION DATE |

do not write in this space

Check the help or information you need:

☐ What is my next court date(s)?

☐ I want to apply for (circle one):

a job a program school

☐ I want to meet with my Social Worker to talk about

☐ I want to see the Notary

☐ EMERGENCY (check this box and circle one choice below only if the matter is a genuine emergency)

- a matter of life or death, or serious bodily injury to any person
- serious disruption in the facility
- serious health hazard to any person
- immediate action needed re: custody or welfare of my children
- I have been cleared legally for discharge. (No more cases are holding me.)

☑ Other matters, or more detail on above Access to Law Library For Trial Preparation.

#1205422

Signature of Inmate

(do not write below this line)

Date request answered: by interview on housing area correspondence other

Answer to request of:

| NAME | |
|---|---|
| NUMBER (PID #) | |
| HOUSING AREA | |

12-28-20 Approved

Signature of Social Worker

86-7(Revised 5/99) 1-file 2-tracking copy 3-extra

B

# REQUEST TO STAFF

**All inmates fill in this section and deposit in Social Service box**

| NAME (last) Simmons (first) Joseph | DATE 10-20-20 | |
|---|---|---|
| NUMBER (PID #) 1205922 | LIVING QUARTERS A-1-2 26 | |
| WORK ASSIGNMENT (if any) AND HOURS | ADMISSION DATE | do not write in this space |

**Check the help or information you need:**

☐ **What is my next court date(s)?**

☐ **I want to apply for (circle one):**

**a job** **a program** **school**

☐ **I want to meet with my Social Worker to talk about** ______

☐ **I want to see the Notary**

☐ **EMERGENCY** (check this box and circle one choice below only if the matter is a genuine emergency)

- **a matter of life or death, or serious bodily injury to any person**
- **serious disruption in the facility**
- **serious health hazard to any person**
- **immediate action needed re: custody or welfare of my children**
- **I have been cleared legally for discharge. (No more cases are holding me.)**

☑ **Other matters, or more detail on above** Access to Law Library of Lawyer Call Before my Trial Date 10-26-20 During Buisness hours

**Signature of Inmate**

(do not write below this line)

**Date request answered:** **by interview** **on housing area** **correspondence** **other**

**Answer to request of:**

| | |
|---|---|
| NAME | |
| NUMBER (PID #) | |
| HOUSING AREA | |
| | |
| | |

# REQUEST TO STAFF

**All inmates fill in this section and deposit in Social Service box**

| NAME (last) (first) | DATE | |
|---|---|---|
| NUMBER (PID #) 1205422 | LIVING QUARTERS | |
| WORK ASSIGNMENT (if any) AND HOURS | ADMISSION DATE | do not write in this space |

**Check the help or information you need:**

- ☐ What is my next court date(s)?
- ☐ I want to apply for (circle one):

  a job   a program   school

- ☐ I want to meet with my Social Worker to talk about ______________________
- ☐ I want to see the Notary
- ☑ EMERGENCY (check this box and circle one choice below only if the matter is a genuine emergency)
  - a matter of life or death, or serious bodily injury to any person
  - serious disruption in the facility
  - serious health hazard to any person
  - immediate action needed re: custody or welfare of my children
  - I have been cleared legally for discharge. (No more cases are holding me.)
- ☐ Other matters, or more detail on above ______________________

______________________________________

Signature of Inmate

(do not write below this line)

Date request answered: by interview on housing area correspondence other

Answer to request of:

| NAME | |
|---|---|
| NUMBER (PID #) | |
| HOUSING AREA | |

Signature of Social Worker

86-7(Revised 5/99) 1-file 2-tracking copy 3-extra

# Disciplinary Hearing Summary Report
# Philadelphia Prison System

| | | |
|---|---|---|
| Facility: | Report date: | Hearing date: |
| Inmate name: | PP number: | Housing: |
| Reporting employee: | Title: | |
| Investigator: | Representative: | |

Inmate appearance: ☑ yes ☐ no Reason:

Inmate's version: [illegible]

Documentation submitted: ☑ incident report ☐ medical incident report

☐ confidential information ☐ use of force report ☐ other (specify)

| Witness name: | appearance: yes no |
|---|---|
| Testimony: | |

| Witness name: | appearance: yes no |
|---|---|
| Testimony: | |

| ☐ Witness exclusion | Name: | Reason: |
|---|---|---|

Physical evidence, written testimony:

Basis for finding and disposition:

## Disposition

☐ suspended sentence

| ☐ charge dismissed | By | Reason: |
|---|---|---|

Continuances (dates and reasons): 10-9-20 invest. video 10-14-20 [illegible] 10-15-20 [illegible] invest.

## Summary

| | Charge (Major/Minor) | Plea | Finding | Disposition |
|---|---|---|---|---|
| Original | [illegible] | NG | G | 10 days 10-1 to 10-20-20 |
| | [illegible] | NG | G | [illegible] |
| Substitute | | | | [illegible] invest. |

Disciplinary Hearing Officer signature: [illegible] Date: [illegible]

Disciplinary Coordinator signature: Date:

## Inmate Notice

You may appeal a finding of guilty or the punishment to the Warden within 5 days.

Delivering officer signature: Date:

Warden's Review: Date:

5 Copies: Warden, reporting employee, inmate, DHO file, inmate file

86-579

A1 POD 2
-26

Lock&Track
INMATE MISCONDUCT

************************************************************************************

Case Number: J20004040 Type: CRITICAL

Inmate: SIMMONS, JOSEPH
Intake: 1817939 PID: 1205422

5:30pm WRONG

Occurred: 10/01/2020 21:15 Location: B2-Pod4
Served: By:
Charges: BIOHAZARD, DISRESPECT, DISTURB, VIORULE, THREAT

************************************************************************************

REPORT

************************************************************************************

Summary: Inmate made verbal threats and refused to comply with valid order

Right time

Narrative:At Approximately 17:30 inmate Joseph Simmons PP#1205422 was placed in the sallyport area of B2-Pod4 after being pepper sprayed by Officer Collier. Inmate was given several loud verbal commands to put his hands behind his back so he could handcuffed and escorted to medical. Inmate refused to comply at which time PDP Issued MK-4 .07% O/C spray was deployed to his facial area. Inmate was then handcuffed and escorted out of the sallyport and to medical. While being escorted to medical Inmate Simmons become combative multiple times and had to be placed against the wall to gain compliance. While in B-Building elevator inmate Simmons made several verbal threats and gestured multiple times that he was going to spit on the officers and Sgt. Miles while he continuing to spit on the wall of the elevator. Inmate continued to make verbal threats while being escorted in medical.

assaulted with Blunt object to face

Names of C/O and Supervisors:C/O Peters, C/O Ventus, Sgt.Miles

Assaulted in elevator By C/O ventus

************************************************************************************

Refused Sgt a.Miles 10-2-20
OFFENDER

DATE

C/O [signature]
OFFICER

ID

3x11
SHIFT

Sgt a.Miles
SUPERVISOR

10-1-20
DATE

ASD ☐ CFCF ☑ DC ☐ HOC ☐ PICC ☐

**PHILADELPHIA PRISON SYSTEM**

**INMATE DISCIPLINARY HEARING APPEAL**

Name: Joseph Simmons Housing Unit: A-1-2

Intake Number: ______ Police Identification Number: 1205422

Date of Hearing: 10-9-20 cont. 10-14-20 cont. 10-16-20 cont. 10-19-20 cont. 10-21-20 Date Appeal Filed: 10-21-20

My reasons for appealing are:

Hearing officer continued multiple Hearings to look at camera footage to determine if I spit at or on officers. Hearing officer concluded investigation and determined I did not spit at or on officers. Hearings officer unjustly found me Guilty of Bio-Hazard after he determined I did not spit.

Inmate Signature: [signature] Date: 10-21-2020

☐ Decision Affirmed ☐ Decision Reversed/Modified

Warden's Response: ______

Warden's Signature: ______ Date: ______

This Appeal Form must be filed within **5 days** of the completed hearing.

Distribution: 1. Warden 2. Response to Inmate's Appeal 3. Inmate's Receipt of Filing

86-599

Attachment 3.F.10.a

**PHILADELPHIA DEPARTMENT OF PRISONS**
**INMATE GRIEVANCE FORM**

☐ ASD ☑ CFCF ☐ DC ☐ HOC ☐ PICC ☐ RCF

**NAME:** [illegible]

**PID:** [illegible]

**Check box only if grievance is regarding Medical Services** ☑

**Description of Grievance, Incident or Problem**
**(Include date and time of incident)**

[illegible]
[illegible] [illegible] 2020
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]

**Action Requested by Inmate:**

[illegible]
[illegible]

**See: Continuation of Grievance – Page 2** YES☐ NO☐

**Describe how and when you tried to resolve this Grievance informally.**

[illegible]
[illegible]

**Date that you are depositing this Grievance in a grievance box:** [illegible]

**Signature of Grievant:** [illegible] **Date:** [illegible]

# PHILADELPHIA DEPARTMENT OF PRISONS

## INMATE GRIEVANCE RESPONSE

### OFFICE OF THE COMMISSIONER

**7901 State Road, Philadelphia, Pennsylvania 19136**

**Blanche Carney, MSS, CCM**
**Commissioner**

February 24, 2021

Joseph Simmons PP #1205422
Curran-Fromhold Correctional Facility
7901 State Rd
Philadelphia, PA 19136

RE: **Inmate Grievance Appeal**

Mr. Simmons,

This is in response to the letter received in my office on February 08, 2021, from you alleging your grievances have not been addressed by the Curran-Fromhold Correctional Facility (CFCF).

My office looked in to your concerns and discovered there is no record of the facility receiving the five (05) grievances you enclosed with the letter received in my office. However, my office has made copies and will forward copies of the five (05) grievances to the facility for review and investigation. Your grievance copies are being returned to you for your records.

You must allow the facility the opportunity to investigate and respond to your concerns.

Sincerely,

Blanche Carney

Cc: Nancy Giannetta Warden

B

# PHILADELPHIA DEPARTMENT OF PRISONS
## INMATE GRIEVANCE RESPONSE
### OFFICE OF THE COMMISSIONER

7901 State Road, Philadelphia, Pennsylvania 19136

**Blanche Carney, MSS, CCM**
**Commissioner**

January 21, 2021

Joseph Simmons PP #1205422
Curran-Fromhold Correctional Facility
7901 State Rd
Philadelphia, PA 19136

RE: **Inmate Grievance Appeal**

Mr. Simmons,

This is in response to the letters that were received in my office on January 04, 2021, from you alleging neglect, unjust treatment and you being confined to your cell without showers, phone calls and access to cleaning supplies for the past seven days. You also allege on October 01, 2020, you were assaulted by Correctional staff at the Curran-Fromhold Correctional Facility (CFCF) and then placed in punitive segregation.

My office looked in to your allegations and discovered an institutional investigation was completed on October 01, 2020, due to you being pepper sprayed for refusing to comply with a valid order and threatening Correctional staff.

On October 01, 2020, records indicate that you were evaluated and treated by Corizon, the medical care provider for the Philadelphia Department of Prisons.

You were placed in pre-hearing segregation and issued two (2) inmate misconduct reports for violating rules and regulations of the Philadelphia Department of Prisons. On October 09, 2020, you had a hearing with the Disciplinary Hearing Officer (DHO) and were sanctioned in accordance for the violated infractions.

The Philadelphia Department of Prisons has instituted procedures and protocols to mitigate the spread of the COVID-19 virus in our facilities since the outset of the pandemic. The safety and well-being of staff and inmates are of upmost importance.

Signage and literature has been posted in each facility instructing all parties to practice universal precautions, hygiene practices and social distancing. The staff and inmate

B



population have been issued protective masks, which are mandated to be worn at all times to assist in reducing the spread of COVID-19.

As we continue to work through these challenging times, the Philadelphia Department of Prisons has implemented a shelter in place order to prevent the spread of COVID-19 amongst the inmate population.

Inmates in administrative segregation housing units are permitted time out of their cell for showers, telephone calls/virtual visits and recreation, daily.

Commissary will remain available to purchase personal hygiene items and food. In addition, inmates will continue to receive soap for personal use and cleaning products to clean their assigned cells

There is no record of you reporting your concerns to the facility, however your concerns are taken seriously and your letters will be forwarded to the Warden of Curran-Fromhold Correctional Facility (CFCF) for investigation.

You must allow the facility the opportunity to investigate and respond to your concerns.

Sincerely,

Blanche Carney

Cc: Nancy Giannetta, Warden

May 4, 2021

Joseph Simmons #1205422
7901 State Road Phila, PA

Office of The Commissioner

Re: Inmate Grievence, Appeal: Copies: Status of Investigation.

This is in response to the letter I recieved from your office on Febuary 25. 2021. This letter was Regarding my unanswerd Grievences, as well as the on going Denial of access to law Library facilities. This Denial lasted for an extended period of time leading up to my Trial date.

According to your letter, your office Recieved my copies of (05) Grievences and fowarded them to the facility for Review and investigation. The letter goes on to say, I would Recieve my copies of (05) Grievences Back for my Record Keeping.

This was over 2months ago and since that Time, I have yet to Recieve my Constitutional Right, as stated in (United States Constitution) of a Inmates "Right to access to the courts." This is Despite numerous Request. I also have not Recieved my copies of (05) Grievences for my Records.

I Believe this facility would Benifit from a outside party conducting an internal

investigation in this matter. My Grievences are for neglect and numerous Constitutional violations against me by this facility. Therefore I feel it is impossible for the same facility to tend to my Grievences with an unbiased mind.

Sincerely, Joseph [signature] #1205422

January 5, 2021

Commissioner,

I have currently been confined to my cell without showers, phone calls or access to cleaning supplies for 7 days and counting. I have attached one of many Request to Staff's I have filed, that have all gone unanswered, Requesting access to the Law Library to assist in my own Defense. I have an up coming Jury Trial and I would like to let your office Know should I Recieve a Guilty verdict, I will note on my Direct Appeal the Blatant Negligence of this facility in not Allowing me to participate in every aspect of my Trial Preparation.

Sincerely Joseph Simmons

#1205422
7901 State Road.



**U.S. Department of Justice**
Civil Rights Division

168-62-0/696392

*Special Litigation Section*
*U.S. Mail: 150 M Street, N.E.*
*Washington, DC 20530*
*Facsimile: (202) 514-0212*

February 26, 2021

Joseph Simmons
CFCF
7901 State Road
Philadephia, PA 19136

Dear Mr. Simmons:

Thank you for your letter. The Special Litigation Section relies on information from community members to identify civil rights violations. Each week, we receive hundreds of reports of potential violations. We collect and analyze this information to help us select cases, and we may also use this information as evidence in an existing case. We will review your letter to decide whether it is necessary to contact you for additional information. We do not have the resources to follow-up on every letter.

The Special Litigation Section is one of several Sections in the Civil Rights Division. We work to protect civil rights in four areas: 1) the rights of people in state or local institutions, including: jails, prisons, juvenile detention facilities, and health care facilities for persons with disabilities (including whether persons in health care facilities should be getting services in the community instead); 2) the rights of people who interact with state or local police or sheriffs' departments; 3) the rights of people to have safe access to reproductive health care clinics or religious institutions; and 4) the rights of people to practice their religion in state and local institutions. We are not authorized to address issues with federal facilities or federal officials.

If your concern is not within this Section's area of work, you may wish to consult the Civil Rights Division web page to find the correct section: https://civilrights.justice.gov/.

The Special Litigation Section only handles cases that arise from widespread problems that affect groups of people. We do not assist with individual problems. We cannot help you recover damages or any personal relief. We cannot assist in criminal cases, including wrongful convictions, appeals or sentencing.

If you have an individual problem or seek compensation or some other form of personal relief, you may wish to consult a private attorney or a non-profit or legal aid organization for assistance. There are only two areas in which we can assist an individual or address a single incident: 1) we may be able to assist you if you are being prevented from practicing your religion in a prison, jail, mental hospital or other facility operated by or for a state or local government; 2) we may be able to assist you if you have experienced force or the threat of force when accessing a reproductive health care facility or religious institution.

For more information about the Special Litigation Section or the work we do, please visit our web page: www.justice.gov/crt/about/spl/.

Sincerely,

/s/

Steven H. Rosenbaum
Section Chief
Special Litigation Section

Attachment 3.F.10.a

**PHILADELPHIA DEPARTMENT OF PRISONS**
**INMATE GRIEVANCE FORM**

☐ ASD ☑ CFCF ☐ DC ☐ HOC ☐ PICC ☐ RCF

NAME: Joseph Simmons

PID: 1205422

Check box only if grievance is regarding Medical Services ☐

**Description of Grievance, Incident or Problem**
**(Include date and time of incident)**

On 5-13-21 I had 3 Books delivered to 'CFCF' in my name. I never Received any of these books. Only 'one' book was sent back to Amazon and I was able to Refund that money but there is two Legal books I never Received totaling over '$100.00' that are unaccounted for.

**Action Requested by Inmate:**
Investigation, find books, Refund my money.

See: Continuation of Grievance – Page 2 YES☐ NO☐

Describe how and when you tried to resolve this Grievance informally.
Family called mail clerk of Jail.
5-31-21

Date that you are depositing this Grievance in a grievance box: 6-4-21

Signature of Grievant: [signature] Date: 6-3-21

86-570 (Rev. 6/16) 1. Deputy Warden for Administration 2. Warden 3. Inmate's Receipt of Filing


Joseph Simmons
SCI Camp hill
P.O. Box 200
Camp Hill PA 17001
RECEIVED
NOV - 5 2021

13

CERTIFIED MAIL®

7021 1970 0001 0044 7230

INMATE MAIL

U.S. POSTAGE PITNEY BOWES
ZIP 17011 $ 009.36⁰
02 4W
0000375947 NOV 02 2021

lerK of Courts
rn District of Pennsylvania
01 Market street ~~Suite~~ U.S Courthouse 2609
iladelphia PA 19106