IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4962 |
| | : | |
| **NANCY GIANETTA,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 27th day of April, 2022, upon consideration of Plaintiff Joseph Simmons's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Joseph Simmons, #QK-6813, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of State Correctional Institution – Rockview or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Simmons's inmate account; or (b) the average monthly balance in Simmons's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Simmons's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Simmons's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court shall **SEND** a copy of this Order to the Superintendent of State Correctional Institution – Rockview.

4. The Complaint is **DEEMED** filed.

5. For the reasons set forth in the Court's Memorandum, Simmons's Complaint is **DISMISSED IN PART WITH PREJUIDCE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with respect to the October 1, 2020 incident and subsequent disciplinary proceedings as follows:

   a. Simmons's excessive force claims against Defendant Lieutenant McHolland are **DISMISSED**.

   b. Simmons's due process claims against Defendant Jane Doe Grievance Screening Officer regarding the grievance process are **DISMISSED**.

   c. Simmons's access to the courts claims against Defendants Nancy Gianetta and Blanche Carney are **DISMISSED**.

   d. Simmons's request for declaratory relief is **DISMISSED**.

6. For the reasons set forth in the Court's Memorandum, Simmons's remaining claims brought pursuant to 42 U.S.C. § 1983 arising from the October 1, 2020 incident and the subsequent disciplinary proceedings will be permitted to **PROCEED** as follows:

   a. Simmons's Fourteenth Amendment claims for excessive force and failure to intervene will proceed against Defendants Collier, Ventus, Peters, and Miles.

   b. Simmons's Fourteenth Amendment due process claim will proceed against Defendant John Doe Hearing Officer.

7. For the reasons set forth in the Court's Memorandum, Simmons's § 1983 claims arising out of the events of February 2021 and May 2021 are **SEVERED** from this case as set forth in paragraphs eight and nine (8 & 9) of this Order.

8. The Clerk of Court is **DIRECTED** to **OPEN** a new civil action naming Joseph Simmons as the Plaintiff and naming Officer Willson as the sole Defendant using a copy of this Order and a copy of the Complaint filed in this action. To the extent Simmons seeks to proceed on his claims regarding a February 2021 inmate assault, he must do so in the new civil action.

9. The Clerk of Court is **DIRECTED** to **OPEN** a second new civil action naming Joseph Simmons as the Plaintiff and naming Blanche Carney as the sole Defendant using a copy of this Order and a copy of the Complaint filed in this action. To the extent Simmons seeks to proceed on his claims regarding the May 2021 deprivation of food, he must do so in the second new civil action.

10. The Clerk of Court is **DIRECTED** to **TERMINATE** the follow individuals as Defendants in this matter: (1) Defendant Lieutenant McHolland; (2) Defendant Jane Doe Grievance Screening Officer; (3) Correctional Officer Willson; (4) Defendant Nancy Gianetta; and (5) Defendant Blanche Carney.

11. The Clerk of Court shall issue summonses for Defendants Collier, Ventus, Peters, Miles, and John Doe Disciplinary Hearing Officer. Service of the summonses and the Complaint, along with copies of this Order and the Court's accompanying Memorandum, shall be made upon the Defendants by the U.S. Marshals Service. Simmons will be required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in dismissal of this case.

12. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be

served upon counsel for all other parties (or directly on any party acting *pro se*).  Service may be made by mail.  Proof that service has been made is provided by a certificate of service.  The certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
> _____
>   (Signature)"

13. Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Simmons is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

14. Simmons is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Simmons shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

15. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

16.     In the event a summons is returned unexecuted, it is Simmons's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

17.     The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**