IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS, <br>                  Plaintiff, <br><br> v. <br><br> NANCY GIANETTA, et al., <br>                  Defendants. | Civil Action <br> No. 21-4962 |

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Correctional Officer Monica Collier[1] ("Answering Defendant"), by and through the undersigned counsel, hereby file this Answer with Affirmative Defenses and aver as follows.

Plaintiff Joseph Simmons, in handwritten form, filed this civil action complaint alleging civil rights violations stemming from events that occurred while incarcerated at Curran Fromhold Correctional Facility ("CFCF") in Philadelphia. Plaintiff's complaint is replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial. Furthermore, at all times concerned with this litigation, Plaintiff was treated in a proper and lawful manner and in the exercise of good faith. By way of further answer, while considering the organization of Plaintiff's Complaint and remaining claims, Answering Defendant responds as follows:

### JURISDICTION

1. The allegations in this section constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

---

[1] To date, Plaintiff has not perfected service on any other officer.

2. Admitted based upon information and belief.

3. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

4. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

5. Admitted as to Answering Defendant only.

6. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

7. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

8. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

9. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

10. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

11. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

12. The allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

13. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### FACTS

14. The allegations in this paragraph are denied as untrue, inaccurate, and/or misleading. Furthermore, to the extent that the allegations in this paragraph contain conclusions of law, no responsive pleading is necessary. To the extent a response is a required, denied.

15. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### MISUSE OF FORCE[2]

16. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

---

[2] Answering Defendant responds to Plaintiff's "Misuse of Force" section here, which, as the Court detailed, encompasses Plaintiff's Fourteenth Amendment claims of excessive force and failure to intervene as it relates to the Answering Defendant and other referenced correctional officers (ECF No. 6). Plaintiff's other surviving claim, a Fourteenth Amendment Due Process claim, at this stage, concerns only John Doe disciplinary hearing officer. *Id.*

17. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

18. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

19. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

20. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

21. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## DENIAL OF DUE PROCESS

As to paragraphs 22 through 43 in Plaintiff's Complaint, the allegations contained in these paragraphs do not require a response as they are addressed to individuals other than the Answering Defendant. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

## PROTECTION FROM ASSAULT

As to paragraphs 44 through 47 in Plaintiff's Complaint, the Court directed the Clerk of Court to open a new civil action naming Joseph Simmons as the Plaintiff and naming Officer

Wilson the sole Defendant.  The Court directed Plaintiff to seek to proceed on these claims in a separate civil action (ECF No. 7).

## FOOD DEPRIVATION

As to paragraphs 48 through 52 in Plaintiff's Complaint, the Court directed the Clerk of Court to open a new civil action naming Joseph Simmons as the Plaintiff and naming Blanche Carney the sole Defendant.  The Court directed Plaintiff to seek to proceed on these claims in a separate civil action (ECF No. 7).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

53. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

## CLAIMS FOR RELIEF

54. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

55. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

56. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

57. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

58. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### RELIEF REQUESTED

This section is a prayer for damages, and as such no response is required. To the extent a response is required, it is denied that the plaintiff is entitled to the relief requested.

**WHEREFORE**, Answering Defendant denies that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

### JURY DEMAND

Answering Defendant demands a jury trial in this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against the Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto. Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Defendant was carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, insofar as Answering Defendant's purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

At all times material to this civil action, Answering Defendant have acted in a reasonable, proper, and lawful manner.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from bringing this lawsuit due to his failure to exhaust administrative remedies under 42 U.S.C. §1997e (2001) of the Prison Litigation Reform Act.

**WHEREFORE**, Answering Defendant denies that they are liable to Plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

Date:  July 5, 2022	Respectfully submitted,


	/s/ *Daniel Cerone*
	Daniel Cerone
	Assistant City Solicitor
	Attorney Identification No. 321507
	City of Philadelphia Law Department
	1515 Arch Street, 14th Floor
	Philadelphia, PA 19102
	(215) 683-2964
	daniel.cerone@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 21-4962 |
| : | |
| NANCY GIANETTA, et al., : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant Correctional Officer Monica Collier's Answer, with Affirmative Defenses, was filed via the Court's electronic filing system and is available for viewing and downloading. I also certify that a copy of the Answer with Affirmative Defenses has been served upon the Plaintiff by certified mail, postage prepaid, as follows:

Smart Communications/PADOC
Joseph Simmons QK6813
SCI Rockview
P.O. Box 33028
St. Petersburg. FL 33733

Date: July 5, 2022

Respectfully submitted,

/s/ *Daniel Cerone*
Daniel Cerone
Assistant City Solicitor
Attorney Identification No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2964
daniel.cerone@phila.gov